**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRIENDS OF ANIMALS | ) | |
| 777 Post Road, Suite 205 | ) | |
| Darien, CT 06820,  and | ) | Case No. 16-CV-666 |
| | ) | |
| RAGS OVER THE ARKANSAS RIVER | ) | |
| 662 Wapiti Trail | ) | |
| Cañon City, CO 81212 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE BUREAU OF LAND | ) | |
| MANAGEMENT, an agency of the | ) | |
| United States | ) | |
| 1849 C Street NW, Rm. 5665 | ) | |
| Washington, DC 20240; and | ) | |
| | ) | |
| S.M.R. JEWELL, in her official | ) | |
| capacity as Secretary of Interior, | ) | |
| Department of the Interior, | ) | |
| 1849 C Street, N.W. | ) | |
| Washington D.C., 20240 | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

## INTRODUCTION

1.   This action is brought to remedy violations of the Freedom of Information Act (FOIA), 5 U.S.C. § 552 *et. seq*. Specifically, Plaintiffs Friends of Animals and Rags Over the Arkansas River made a FOIA request to the Bureau of Land Management (BLM) for documents related to Land Use Permit Number 74484 (BLM-2015-00785/CO 15-068). In response, Defendant BLM unlawfully withheld requested documents. Plaintiffs filed a timely administrative appeal of Defendant's withholdings and Defendants failed to respond to Plaintiffs' appeal within the statutorily prescribed time limit.

2.   Defendants are unlawfully withholding public disclosure of information that Plaintiffs are entitled to receive under FOIA. Defendants also failed to comply with the statutory mandates and deadlines imposed by FOIA by failing to provide a final determination resolving Plaintiffs' administrative appeal. Accordingly, Plaintiffs seek declaratory relief establishing that Defendants have violated FOIA. Plaintiffs also seek injunctive relief directing Defendants to promptly provide the requested material and/or process their appeal.

## JURISDICTION AND VENUE

3.   The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act) and 28 U.S.C. § 1331 (federal question).

4.   This Court may grant the declaratory relief under 28 U.S.C. §§ 2201, *et seq.* (Declaratory Judgment Act) and injunctive relief under 5 U.S.C. § 552(a)(4)(B) (Freedom of Information Act). The Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

5.   Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), which provides venue for FOIA cases in this district.

**PARTIES**

6.   Plaintiff FRIENDS OF ANIMALS is a non-profit international advocacy
organization with nearly 200,000 members, incorporated in the state of New York since
1957. Friends of Animals seeks to free animals from cruelty and exploitation around the
world, and to promote a respectful view of non-human, free-living and domestic animals.
Friends of Animals engages in a variety of advocacy programs in support of these goals.
Friends of Animals informs its members about animal advocacy issues as well as the
organization's progress in addressing these issues through its magazine called ActionLine,
its website, and other reports. Friends of Animals has published articles and information
advocating for the protection of wild species so that they can live unfettered in their
natural habitats.

7.   Plaintiff RAGS OVER THE ARKANSAS RIVER (ROAR) is a citizen's group
organized as a Colorado not-for-profit corporation. ROAR has 300 members and over 5,000
supporters. ROAR is dedicated to preserving and protecting the headwaters of the
Arkansas River and the Bighorn Sheep Canyon. ROAR is also dedicated to protecting the
area's inhabitants and the communities that utilize and depend on the river and its canyon,
and was formed to organize and communicate local concerns with early proposals to
conduct a massive "art project" in the area. ROAR's members regularly use and enjoy the
facilities, access points, lands, and waters that would be affected by the art project for
fishing, boating, recreation, photography, hiking, nature and wildlife study, and other
commercial, recreational, and conservation purposes.

8.   Defendant BUREAU OF LAND MANAGEMENT is an agency of the United States
within the Department of the Interior, and has a duty to provide public access to
documents in its possession consistent with the requirements of FOIA.

9.   Defendant S.M.R. JEWELL, in her official capacity as the Secretary of Interior, is responsible for ensuring that all agencies under the Department of the Interior comply with federal law, including FOIA.

## LEGAL FRAMEWORK: FREEDOM OF INFORMATION ACT.

10. Congress enacted FOIA to ensure public access to U.S. government records. FOIA carries a presumption of disclosure. Upon written request, agencies of the United States government are required to disclose their records, unless they can be lawfully withheld from disclosure under one of nine specific exemptions in FOIA. The burden is on the government—not the public—to substantiate why information may not be released.

11. When a requested document contains some information which falls under one of the exemptions, FOIA requires that all non-exempt portions of the record must still be released. The Act expressly mandates that any "reasonably segregable portion" of a record must be disclosed to a requester after the redaction (the deletion of part of a document to prevent disclosure of material covered by an exemption) of the parts which are exempt. 5 U.S.C. § 552(b). Documents cannot be withheld in their entirety "unless redacting the portions of the documents that reveal deliberations is impossible." *NLRB v. Jackson Hosp. Corp.*, 257 F.R.D. 302, 309 (D.D.C. 2009) (*citing In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997)).

12. FOIA requires agencies to "determine within 20 days . . . after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefore, and of the right of such person to appeal to the head of the agency any adverse determination." 5 U.S.C. § 552(a)(6)(A).

13. When an administrative appeal is filed, the agency must respond to the appeal within twenty workdays. 5 U.S.C. § 552(a)(6)(A)(ii).

14. An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requester's requirement to exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i); *see* 43 C.F.R. § 2.62.

15. FOIA provides this Court with jurisdiction to enjoin Defendants "from withholding agency records and to order the production of any such records improperly withheld from" Plaintiffs. 5 U.S.C. § 552(a)(4)(B).

16. If an agency withholds any information, it bears the burden of proving that one of the exemptions applies. 5 U.S.C. § 552(a)(4)(B). "The description and explanation the agency offers should reveal as much detail as possible as to the nature of the document," in order to provide "the requestor with a realistic opportunity to challenge the agency's decision." *Oglesby v. U.S. Dept. of Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996). The agency cannot rely on vague descriptions or assertions that do not provide the requester the "necessary functional description of the documents at issue." *Campaign for Responsible Transplantation v. U.S. Food & Drug Admin.*, 219 F. Supp. 2d 106, 112 (D.D.C. 2002) (*citing Oglesby*, 79 F.3d at 1184).

17. Even if a document falls within an exemption under FOIA, an agency has the authority to construe the exemptions as discretionary rather than mandatory when no harm would result from disclosure of the requested information. *Chrysler Corp. v. Brown*, 441 U.S. 281, 293 (1979).

18. The BLM guidelines state that it will apply a presumption of disclosure in responding to requests for records under FOIA and "will disclose requested information unless its release is prohibited by Statute or an Executive Order." BLM, Revised 1278 Manual External Access to BLM Information, 6-1 (Sept. 17, 2012).

A.   **Exception 3**

19. Exemption 3 under FOIA authorizes the withholding of information prohibited from disclosure by another statute. This exemption only applies if the statute in question

either "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3).

### B.    Exemption 5

20. Exemption 5 under FOIA permits the withholding of "interagency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). Courts have "construed this exemption to encompass the protections traditionally afforded certain documents pursuant to evidentiary privileges in the civil discovery context," including "materials which would be protected under the attorney-client privilege, the attorney work-product privilege, or the executive 'deliberative process privilege." *Taxation With Representation Fund v. IRS*, 646 F.2d 666, 676 (D.C. Cir. 1981) (citations omitted).

### i.    Deliberative Process Privilege

21. The deliberative process privilege embodied in Exemption 5 shields only a narrow and well-defined class of agency records that are both: (1) predecisional and (2) deliberative, meaning "it must actually be related to the process by which agency policies are formulated." *Jordan v. U.S. Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978).

22. The deliberative process privilege can only apply to deliberative processes the results of which are or will be agency policy. *See Petroleum Info. Corp.*, 976 F.2d 1429, 1434 (D.C. Cir. 1992). Under no circumstances, however, does the deliberative process privilege shield records related to policies that have already been developed. *Jordan*, 591 F.2d at 774 ("Communications that occur after a policy has already been settled upon … are not privileged.").

23. Additionally, Exemption 5 does not apply to documents, or portions thereof, that are purely factual. These portions "must be segregated out and released." *EPA v. Mink*, 410

U.S., 73, 91 (1973) (recognizing a distinction between "materials reflecting deliberative or policy-making processes . . . and [materials that are] purely factual"). The deliberative process privilege does not permit agencies to withhold "factual, investigative, and evaluative analyses" under existing policy. *Vaughn v. Rosen* 523 F.2d 1136, 1140 (D.C. Cir. 1975).

### ii.  Attorney-Client Privilege

24. The attorney-client privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege." *Fisher v. United States*, 425 U.S. 391, 403 (1976).

25.  When an agency claims this privilege under FOIA, "[l]ike all privileges . . . the attorney-client privilege is narrowly construed and is limited to those situations in which its purposes will be served." *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 862-63 (D.C. Cir. 1980); *see also Senate of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 585 (D.C. Cir. 1987) ("We have simultaneously cautioned that 'conclusory assertions of privilege will not suffice to carry' the agency's burden.") (citation omitted). The privilege only applies to communications that seek "legal advice" from "a professional legal adviser in his capacity as such." *In re Lindsey*, 331 148 F.3d 1100, 1106 (D.C. Cir. 1998). The agency cannot withhold "neutral, objective analyses of agency regulations." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 863 (D.C. Cir. 1980).

26. Additionally, an agency cannot claim the privilege if the information has been made known to anyone other than those who need to know it, nor can it be claimed if the agency has not demonstrated confidentiality both at the time of the communication and maintained since. Information shared with outside entities cannot be classified as confidential.

27. To meet its burden that the exemption applies, an agency "must establish that the documents must at least have been prepared with a specific claim supported by

concrete facts which would likely lead to litigation in mind and provide some indication

whether the documents have been shared with third parties, which would amount to a

waiver of the privilege." *Wilderness Soc'y v. United States DOI*, 344 F. Supp. 2d 1, 17 (D.D.C.

2004) (citation omitted). The fact that a document was prepared by an attorney is not

sufficient to establish that the exemption applies.

### FACTUAL BACKGROUND

28. On July 7, 2015, Plaintiffs made a FOIA request to BLM for documents related to

Land Use Permit Number 74484.

29. BLM assigned Plaintiffs' FOIA request tracking number BLM-2015-00785/CO

15-068.

30. Plaintiffs' requested documents relate to the federal government's decision to

re-issue a land-use authorization to the Over the River Corporation to construct an "art

project," a commercial endeavor to cover 5.9 miles of the Arkansas River (scattered over a

42-mile stretch of the river) with polypropylene fabric panels.

31. In a letter dated September 3, 2015, BLM informed Plaintiffs that it had

completed its response. The letter notified Plaintiffs that BLM withheld information on the

grounds that it allegedly fit within FOIA Exemptions 3 and 5, or was nonresponsive.

32. BLM withheld six pages in part and one page in full under Exemption 3, and

withheld 243 pages in part and 45 pages in full under Exemption 5.

33. BLM also redacted portions of the documents it released because it deemed

some of the information "non-responsive."

34. BLM did not provide an index describing each of the documents it withheld, and

specifying the reasons why each document fell within the claimed exemption, commonly

known as a Vaughn index. *See Vaughn v. Rosen*, 484 F.2d 820, 827-29 (D.C. Cir. 1973).

35. Instead, BLM provided only conclusory statements grouping together withheld

information and claiming it fit into FOIA's Exemptions 3 and 5.

36. BLM produced such little information regarding the withheld documents that one cannot determine why a particular document was prepared, what the document discusses, or whether it should be protected from disclosure.

37. BLM's September 3, 2015, response stated, "[y]ou may appeal this response to the Department's FOIA/Privacy Act Appeals Officer. If you choose to appeal, the FOIA/Privacy Act Appeals Officer must receive your FOIA appeal no later than 30 workdays from the date of this final letter."

38. Pursuant to BLM's September 3, 2015 letter, Plaintiffs filed a timely administrative FOIA appeal on October 14, 2015 to appeal all of BLM's withholdings.

39. FedEx tracking confirmed that Plaintiffs' FOIA Appeal was delivered on October 15, 2015, within thirty workdays from the date listed on BLM's September 3, 2015 letter.

40. FOIA's statutory mandated twenty workday time limit for responding to Plaintiffs' FOIA appeal passed on November 13, 2015.

41. Defendants did not respond to Plaintiffs' FOIA appeal by November 13, 2015.

42. As of the date of this Complaint, Defendants have still not responded to Plaintiffs' FOIA appeal.

43. Plaintiffs have fully exhausted their administrative remedies. Administrative remedies are deemed exhausted whenever an agency fails to comply with the applicable time limits, as stated by 5 U.S.C. § 552(a)(6)(C). Plaintiffs now turn to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

### FIRST CAUSE OF ACTION

**(Violation of Freedom of Information Act: Failure to respond to Plaintiffs' FOIA appeal within the statutory deadlines.)**

44. Plaintiffs herein incorporate all allegations contained in the proceeding paragraphs.

45. Plaintiffs properly appealed BLM's decision to withhold in full 46 pages and 249 pages in part in response to its FOIA request.

46. Defendants did not, and still have not, responded to Plaintiffs' FOIA appeal.

47. Defendants' failure to respond to Plaintiffs' FOIA appeal within the statutory timelines is a violation of FOIA and the agency's implementing regulations.

## SECOND CAUSE OF ACTION

### (Violation of the Freedom of Information Act: Unlawful withholding of requested documents.)

48. Plaintiffs herein incorporate all allegations contained in the proceeding paragraphs.

49. Defendants withheld 46 pages in full and 249 pages in part in response to Plaintiffs' FOIA request.

50. Defendants did not meet their burden to demonstrate that such withholdings properly fit into recognized FOIA exceptions.

51.  Defendants' failure to disclose responsive documents is a violation of FOIA and the agency's implementing regulations.

## PRAYER FOR RELIEF

Friends of Animals respectfully requests that the Court enter judgment providing the following relief:

1.  Declare that Defendants violated FOIA by failing to respond to Plaintiffs' FOIA appeal;

2.  Declare that Defendants violated FOIA by withholding responsive documents from Plaintiffs;

3.  Order that Defendants disclose all the records requested in their entireties and challenged in Plaintiffs' FOIA appeal by a date certain;

4.  Exercise close supervision over Defendants as they processes Plaintiffs' appeal;

5. Award Plaintiffs costs, including reasonable attorney fees and litigation costs in this action, pursuant to FOIA, 5 U.S.C. § 552(a)(4)(E); and

6. Grant Plaintiffs any other relief that the Court deems just and proper.


Dated: April 8, 2016                                  Respectfully Submitted,


                                        /s/Jennifer Best
                                        Jennifer Best (DC Bar# CO0056)
                                        Michael Ray Harris (DC Bar # CO0049)
                                        Friends of Animals
                                        Western Region Office
                                        7500 E. Arapahoe Road, Suite 385
                                        Centennial, CO 80112
                                        720-949-7791
                                        michaelharris@friendsofanimals.org
                                        jennifer@friendsofanimals.org